HALL, Judge.
Anthony M. Marinello, the testamentary executor named in decedent’s last will and testament, prosecutes this appeal from a judgment declaring the nullity of the will, rescinding and recalling the probate thereof, and rescinding and recalling the letters testamentary issued to him.
The issues presented are (a) whether a statutory will made by a person who cannot read is valid, and, if not, (b) whether such a will is valid as a nuncupative will under private signature where only four witnesses (including the notary) signed it although another person present at its confection now offers himself as a witness but whose signature or mark was not affixed thereto.
The record shows that the will in question was typewritten according to the form authorized by LSA-R.S. 9:2442 et seq. The will was “signed” by the testator with an “X” mark and was signed by three witnesses and the notary public. Decedent’s granddaughter and sole forced heir filed suit to annul it on the ground that decedent did not know how and was unable to read and was therefore incapable of making a statutory will. She further alleged that if it be considered as a nuncupative will under private signature it is invalid for lack of the requisite number of witnesses.
The testimony adduced by the opponent shows unequivocally that the decedent had no education and did not know how, and was unable to read in any language, nor did he know how to write. There is no contradictory evidence.
Under the plain and unambiguous provisions of LSA-R.S. 9:2443 decedent was incapable of making a statutory will:
“Those who know not how or are not able to read, cannot make dispositions in the form of the will provided for in R.S. 9:2442.” LSA-R.S. 9:2443.
Appellant argues that the section of the statute denying to decedent the right to make a statutory will merely because he cannot read is unconstitutional as being a denial of due process and the equal protection of the law. This attack on the constitutionality of the statute was not timely made since it was never pleaded and is being raised now for the first time in appellant’s brief. However we are impelled to observe that appellant’s contention is without merit. It is evident that the statute does not deny a testator who cannot read of any rights nor discriminate against him in any manner since he can make a testament in another form. On the contrary the prohibition is a reasonable exercise of the right of the state to regulate the form of testaments, and the formalities prescribed are for the protection of the testator from error, fraud, and imposition. It is no more discriminating or a violation of due process than is the requirement that one 'be able to write in order to make an orlographic will, or the requirements of nuncupative wills as to the number of witnesses, and the formalities attached to their confection.
Appellant contends that if the document is invalid as a statutory will it is neverthe *210 less a valid nuncupative will by private act although it contains the signatures of only four witnesses including the notary. Evidence was admitted in the trial court to ■show that the notary’s law partner was -present during the entire making of the will ■even though he has never attached his signature to the document. Obviously he had not intended to be an official witness and his presence is explained by the fact that the testator was his client. Appellant contends that a person who was present during the entire making of the will may be counted as one of the five witnesses required by law and that it is not necessary that he .actually affix his signature to the document.
The will in question was made in the city ■of New Orleans and was required to be written in the presence of five witnesses residing in the city in order to be valid as a nuncupative will under private signature. ;LSA-C.C. 1581.
Article 1582 of the Civil Code (LSA-C.C. 1582) provides that such a will “must be ■signed * * * by the witnesses or at least by two of them, in case the others know not how to sign, and those of the witnesses who ■do not know how to sign, must affix their mark.”
The wording of Article 1582 makes it abundantly clear that only those who sign the document or who affix their marks •thereto may be counted as witnesses. Mere presence at the making of the will is insufficient.
Certainly the notary’s law partner knows Row to sign, but even if he didn’t he would have had to affix his mark to the will. And ■certainly he cannot be permitted to sign now, over 17 months after the confection of the will, and after the death of the testator. To hold otherwise would open the doors wide to fraud, substitution and imposition, .although we hasten to add that nothing of -that character is even hinted at in the instant case.
We have carefully considered the cases •cited in appellant’s brief and find none of them to hold contrary to the views expressed herein.
For the foregoing reasons the judgment appealed from is affirmed, and the succession proceedings are remanded to the District Court for further proceedings according to law.
Affirmed.