378 So.2d 1049 (1979)
Succession of Linda DUBUISSON.
No. 13999.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
Rehearing Denied January 9, 1980.
Writ Refused March 3, 1980.
*1050 Kirkpatrick, Keyser & Kirkpatrick by Gary L. Keyser, Baton Rouge, for plaintiffs-appellants Charles R. Sibley, Melville B. Sibley, and Paul Sibley.
Whalen & Theriot by Dennis R. Whalen, Baton Rouge, for plaintiff-appellant Irma Sibley Tucker.
Thompson L. Clarke, St. Joseph, for defendant-appellee Robert M. Watson, Individually and as Executor of the Succession of Linda Dubuisson.
Hoover & Wade by Thomas F. Wade, Baton Rouge, for absentee defendants-appellees Leslie Joe Kennedy, Shannon Dunn Esteville, Pamela Watson Brown, Helen Watson Bordeno, Elyn Honts, Nancy Bordeno Honts and LaVonta Watson Kennedy.
Before PRICE, HALL, and JONES, JJ.
En Banc. Rehearing Denied January 9, 1980.
HALL, Judge.
After a purported nuncupative will by public act was admitted to probate in ex parte proceedings, appellants filed a rule to have the probate set aside and to have the will declared invalid as not being in the form required by law. After trial the district court held the will was valid as either a nuncupative will by public act or private act and rejected appellants' demands. We reverse and hold the will invalid.
On December 20, 1973 the testatrix called a friend, who was a notary, and asked her to come to her country home at Botany Bay Plantation near St. Joseph, Louisiana, to prepare a will. The notary went to the home of testatrix, who was elderly and bedridden, and took notes of the testatrix's wishes. The notary then went to the office of an attorney in St. Joseph and had the attorney's secretary type the will from the notary's notes and dictation. After the will was typed the notary returned to the testatrix's home. In addition to the testatrix and the notary, five other persons, including the attorney and his secretary, were present at the execution of the will. The notary began reading the will to the testatrix and then handed it to the attorney who completed reading and explaining the will. The testatrix signified that each of the provisions of the will was in accordance with her wishes. The two-page will was signed on the second page by the testatrix, three witnesses, and the notary. The will was then taken to the attorney's office for safekeeping. The testatrix died approximately three years later in September, 1976.
The formalities to which nuncupative testaments are subject by the articles of the Civil Code must be observed; otherwise, the testaments are null and void. LSA-C.C. Art. 1595. A material deviation from the manner of execution prescribed by the governing code article or statute renders a will invalid. The courts are not justified in departing from the statutory requirements, even to bring about justice in the particular instance or to give effect to the testator's established wishes. Succession of Roussel, 373 So.2d 155 (La.1979).
The purported will in this case does not meet the requirements for a nuncupative *1051 will by public act as set forth in LSA-C.C. Art. 1578[1] in several material respects:
(1) The will was not dictated by the testatrix and was not written by the notary as dictated;
(2) The will was not received, dictated and written by the notary public in the presence of the witnesses; and
(3) The will does not make express mention that all the formalities were fulfilled at one time without interruption and without turning aside to other acts, and this prescribed procedure was not, in fact, followed.
The will also does not comply with the requirements for a nuncupative will under private signature as set forth in LSA-C.C. Arts. 1581 and 1583[2]. Article 1581 requires five witnesses. This will was signed by only four witnesses, inclusive of the notary who may be considered as a witness to a nuncupative will by private act. Frith v. Pearce, 105 La. 186, 29 So. 809 (1900).
Article 1583 requires the presence of only three resident witnesses when the testament is executed in the country and a greater number of witnesses cannot be had. This exception is intended only for cases of emergency where the testator is in serious danger of death and where additional witnesses are not available. Succession of Sullivan, 178 La. 230, 151 So. 190 (1933). Here, there is no proof that the testatrix, although elderly and bedridden, was in imminent danger of death. In fact, she lived for almost three years after the will was signed. Further, there is also no proof of the unavailability of witnesses. In fact, there were two persons present who could have but did not sign as witnesses. A person present at the signing of a will who does not himself sign cannot be counted as one of the witnesses. Succession of Maltese, 155 So.2d 208 (La.App. 4th Cir. 1963). One of the persons present who did not sign was the attorney named in the will to represent the estate. Contrary to the contention of appellees, there is no prohibition against an attorney appointed in the will signing as a witness. Succession of Bush, 223 La. 1008, 67 So.2d 573 (1953). Succession of Feitel, 187 La. 596, 175 So. 72 (1937). Also contrary to appellees' contentions, although there was some evidence that a light snow fell on the day the will was signed, the evidence does not support a finding that weather conditions made it difficult or impossible to secure other witnesses. In fact, the evidence established that none of the several persons who went to the testatrix's home that day had any difficulty getting there by automobile. A will not subscribed by the number of witnesses required by law is a nullity. Succession of Roussel, supra; Morris v. Abney, 135 La. 302, 65 So. 315 (1914).
The purported will is not valid as a nuncupative will by public act or under private *1052 signature; nor does it comply with any of the other forms provided by law.
The judgment of the district court is reversed. It is ordered, adjudged, and decreed that the probate of the will be set aside and the purported will of Linda Dubuisson, dated December 20, 1973 is declared invalid, null, and void. The costs of these proceedings, including the cost of appeal, are assessed to appellees.
Reversed and rendered.
NOTES
[1] LSA-C.C. Art. 1578:

"The nuncupative testaments by public act must be received by a notary public, in presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place.
"This testament must be dictated by the testator, and written by the notary as it is dictated.
"It must then be read to the testator in presence of the witnesses.
"Express mention is made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts."
[2] LSA-C.C. Art. 1581:

"A nuncupative testament, under private signature, must be written by the testator himself, or by any other person from his dictation, or even by one of the witnesses, in presence of five witnesses residing in the place where the will is received, or of seven witnesses residing out of that place.
"Or it will suffice, if, in the presence of the same number of witnesses, the testator presents the paper on which he has written his testament or caused it to be written out of their presence, declaring to them that that paper contains his last will."
LSA-C.C. Art. 1583:
"In the country it suffices for the validity of nuncupative testaments under private signature, if the testament be passed in the presence of three witnesses residing in the place where the testament is received, or of five witnesses residing out of that place, provided that in this case a greater number of witnesses can not be had."