263 So.2d 56 (1972)
DIXIE BUICK, INC.
v.
Linda LOCKETT, a/k/a Linda L. Lockett a/k/a Linda Reed.
No. 5046.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 1972.
Frank S. Bruno and Carl J. Ciaccio, New Orleans, for defendant-appellant.
Stahl & Berke, Kenneth J. Berke, New Orleans, for plaintiff-appellee.
Before LEMMON, BOUTALL and BAILES, JJ.
LEMMON, Judge.
Linda Lockett Reed has appealed from a summary judgment in favor of Dixie Buick, Inc. on an open account.
Dixie filed a petition alleging that:
"2. Petitioner sold and delivered the services and/or goods, described on the itemized statement of account attached hereto on the dates mentioned and at the prices set forth thereon to the defendant."
The itemized statement listed costs of labor and parts involved in repairing a 1966 *57 Comet Caliente in the amount of $805.80. Dixie further alleged that the debt was past due and owing and prayed for judgment.
Mrs. Reed answered with a general denial and filed a third party petition against Michael J. Timphony, Jr. and State Farm Mutual Automobile Insurance Company, alleging that the damage to the automobile was caused by Timphony's negligence and that State Farm, his insurer, authorized Dixie to repair the car and agreed to pay Dixie $805.80 for the cost of the repairs. She sought full indemnity against that third party defendant who authorized and agreed to pay for the repairs.
Dixie then moved for a summary judgment, annexing to its motion an affidavit that it had rendered the services and repairs to Mrs. Reed's car, that the price therefor was fair and reasonable, that Mrs. Reed had refused to pay for the repairs, and that the "repairs and services were authorized by and resulted in benefit to the said defendant, LINDA LOCKETT REED."
In a counter affidavit Mrs. Reed stated that she never entered into any agreement with Dixie involving the goods and services itemized on the statement attached to the petition, that Dixie never delivered any services or goods to her as a result of any alleged agreement, and that there has never been any contract between her and Dixie.
Mrs. Reed's counsel also filed an affidavit stating that he had instituted a damage suit in the Civil District Court in Orleans Parish, in which property damage to the automobile was claimed, and that Dixie had intervened in that suit.
The trial court granted the motion for summary judgment, and Mrs. Reed perfected this appeal.
Dixie contends that, as between it and Mrs. Reed, there is no issue of material fact and that it should not have to wait until the tort suit is tried to collect a debt on which there is no controversy.
We agree with Dixie's contention that, as stated in White Factors, Inc. v. F. & B. Supplies, Inc., 211 So.2d 754 (La. App. 4 Cir. 1968), a defendant cannot be permitted to delay the orderly process of a suit simply by filing a third party petition. However, we do not agree with Dixie's contention that there is no issue of material fact in this case between the original plaintiff and defendant.
In their respective affidavits, Dixie stated that Mrs. Reed authorized the repairs to her car, and Mrs. Reed stated that she never entered into any such agreement. These affidavits therefore raise the factual issue of the existence of a contract between these two litigants.
The question of fact as to whether Mrs. Reed authorized Dixie to perform the repairs and agreed to pay Dixie the cost thereof is a material issue, on which Mrs. Reed is entitled to a day in court and a judicial determination after evidence on that particular fact is heard and weighed. The weighing of conflicting evidence on a material fact has no place in the summary judgment procedure.
The purpose of the statute authorizing summary judgments is to provide for quick disposition of matters involving only issues of law. Summary judgment is not designed to cover a situation where an issue of material fact is in dispute nor to serve as a substitute for a trial on the merits.
For these reasons, the judgment of the trial court granting the motion for summary judgment is set aside, and the case is remanded for further proceedings. Assessment of costs will await final disposition of this matter.
Set aside and remanded.