354 So.2d 659 (1977)
Oradel MORRIS, wife of/and James Morris,
v.
The LOUISIANA COCA-COLA BOTTLING COMPANY, LTD., et al.
No. 11688.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
*660 Harold B. Carter, Jr., Sylvia Landry, New Orleans, for plaintiffs and appellants.
James R. McClelland, Franklin, Laurence E. Best and Huntington B. Downer, Jr., Houma, Harry McCall, Jr., New Orleans, for defendant and appellee.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Mr. and Mrs. James Morris are appealing the granting of a motion for summary judgment dismissing Cannata's Supermarket, Inc., as a defendant in their tort action for personal injury and damages arising from an explosion in their home of a soft drink bottle which was purchased from the vendor-defendant.
The record indicates that on December 14, 1974, plaintiffs purchased from Cannata's Supermarket, Inc., among other items, two 48-ounce sized bottles of a soft drink labeled "Coca-Cola." They loaded the groceries in a station wagon type vehicle and took them directly to their nearby residence, unloaded the groceries, and with no delay, Mrs. Morris placed the two soft drink bottles on the floor of their pantry. The contents of one of the bottles was consumed by plaintiffs' son; and then on December 19, 1974, while Mrs. Morris was seeking an item from the pantry, the remaining bottle exploded, injuring her.
On May 4, 1977, Cannata filed a motion for summary judgment on the grounds that the pleadings, answers to interrogatories and deposition of Mrs. Morris, together with the affidavit of Mr. Jimmy Blakeman, the supermarket manager, showed no genuine issue as to material fact.
The material fact referred to is the negligence of Cannata's officers and employees, and defendant contends that the documents referred to fail to point to any act or omission of negligence on their part. The trial judge completely agreed with defendant, stating in Written Reasons for Judgment that his review of the foregoing documents failed to reveal any evidence of "acts or omissions of negligence on the part of the officers and employees of Cannata's Supermarket, Inc."
On the other hand, the defendant points to the affidavit of Mr. Blakeman which stated that during December of 1974 the Coca-Cola products were delivered on Tuesdays and Fridays and that on Wednesdays the Coca-Cola vendor took orders for the product. Mr. Blakeman also stated that on both the delivery and order days the personnel of the Coca-Cola vendor handled the bottles and stocked the shelves. On all other days, employees of the supermarket handled the bottles and stocked the shelves as sales required.
In her deposition, Mrs. Morris testified that she and Mr. Morris purchased the soft drink on a Saturday, a day on which the bottle could have possibly been handled by the personnel of the supermarket.
Therefore, plaintiffs conclude that as to these days they should be given the opportunity to show that Cannata's officers and employees could have failed to properly inspect the bottles or could have improperly handled or mishandled the bottles after they were delivered to the supermarket.
LSA-C.C.P. art. 966 provides that a summary judgment shall be granted if the pleadings and depositions together with the affidavits show there is no genuine issue as to material fact. It is well recognized in the jurisprudence that a party moving for summary judgment has the burden of demonstrating *661 clearly the absence of any genuine issue of fact and any doubt is resolved against the movant. Further, it is not the function of the trial court in a motion for summary judgment to determine or even inquire into the merits of the issues raised, but rather it must limit itself to a determination of whether there is a genuine issue of fact. Mecom v. Mobil Oil Corporation, 299 So.2d 380 (La.App. 3rd Cir. 1974), appl. denied, La., 302 So.2d 308.
We view the lack of proper inspection and the handling and/or mishandling of the bottles as a triable issue of fact and believe that movant has not clearly demonstrated the absence of a genuine issue as to this fact.
Finally, it is to be noted that where failure of duty toward plaintiff is alleged, the reasonableness and prudence of such conduct is a factual matter which should be resolved on the merits of the case. See Odom v. Hooper, 273 So.2d 510 (La.1973).
Accordingly, the judgment of the trial court is reversed and set aside, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are to be paid by appellee.
REVERSED AND REMANDED.