393 So.2d 207 (1980)
GULF-WANDES CORPORATION et al.
v.
VINSON GUARD SERVICE, INC. et al.
No. 13714.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Rehearing Denied January 26, 1981.
*208 W. Luther Wilson, Baton Rouge, and Terry Bell, New Orleans, for plaintiffs-appellants Gulf-Wandes Corp., J. D. Atkinson, III & Travelers Indem. Co.
M. O'Neal Walsh, Baton Rouge, for defendant-appellee Houston General Ins. Co.
Clinton Hyatt, Jr., Baton Rouge, for third party plaintiff-appellee Whirlwind Steel Building and Rocky Powell.
Robert N. Habans, Jr., New Orleans, for defendant-appellee Admiral Ins. Co.
France Watts, III, Franklinton, and Robert Ranier, Baton Rouge, for defendant-appellee Vinson Guard Service.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is an appeal from judgment as amended by the District Court by Gulf-Wandes Corporation and the Travelers Indemnity Company, two of the plaintiffs. The original summary judgment was granted in favor of defendants, Vinson Guard Service, Admiral Insurance Company and Houston General Insurance Company dismissing the demands of the plaintiffs, and denying the motion for summary judgment insofar as it sought to dismiss the demands of J.D. Atkinson, III, G. W. Leasing Company and the Travelers Indemnity Company (as subrogee of J.D. Atkinson, III). The judgment was amended to read in favor of Vinson Guard Service, Inc., Admiral Insurance Company and Houston General Insurance Company (in its capacity as insurer of Vinson Guard Service, Inc.). We reverse and remand.
It is only where there is no genuine issue of a material fact, and mover is entitled to a judgment as a matter of law, that the motion for summary judgment can be granted. LSA-C.C.P. art. 966; Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). There is a genuine issue as to material facts presented in the instant case. There exists a serious question concerning the instructions, if any, that Vinson's supervisor gave to the guard on the night of the fire. There is also a serious question about what extra attention the guard consented to pay to the premises due to an earlier fire, if he did in fact volunteer to pay special attention to the area in question. There is a serious factual question concerning the relationship of the guard to Vinson and/or to Gulf-Wandes, particularly concerning the issue of "borrowed employee."
In determining the genuineness of the issue, the courts are not permitted to consider the merits of the facts at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it. All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973). A motion for summary judgment can never take the place of a trial on the merits; It is just not a substitute for a trial. Fly v. Hand, 376 So.2d 1016 (La.App. 1 Cir. 1979).
The instant case is not in a posture for a summary judgment. The judgment is reversed, and the case is remanded for a trial on the merits. The costs of this appeal are to be paid by the appellees. All other costs are to await final determination of the case.
REVERSED AND REMANDED.