427 So.2d 1310 (1983)
URBAN MANAGEMENT CORP., Plaintiff-Appellee,
v.
Ellis L. BURNS, Jr., et al, Defendant-Appellant.
No. 15203-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
Rehearing Denied April 7, 1983.
Cook, Yancey, King & Galloway by Sidney B. Galloway, Shreveport, for plaintiffappellee.
Schober, Clawson & Brabham by Russell O. Brabham, Shreveport, for defendant-appellant.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
*1311 JASPER E. JONES, Judge.
This is an action for injunctive relief and specific performance of a contract to sell land. The parties are Urban Management Corporation, plaintiff, and Ellis Leon Burns, Jr., defendant. Burns appeals a judgment granting plaintiff's motion for summary judgment ordering specific performance of the contract and granting injunctive relief.
The portion of the judgment granting injunctive relief was stipulated to by the parties and appellant assigns no error directed at this portion of the judgment. Burns sets out six assignments of error on appeal, all related to the summary judgment. We do not consider those assignments because we find the issue of the propriety of summary judgment, though not raised by either party, dispositive of this appeal.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981), LSA-C.C.P. art. 966. The mover bears the burden of showing that there is no genuine issue of material fact. Thornhill.
Urban Management's motion for summary judgment asks that it be decided on the evidence previously adduced at a related rule for a preliminary injunction and is otherwise unsupported. The parties have entered into a stipulation in which they agree: 1) that there is no evidence which was not presented at the prior hearing on the preliminary injunction; 2) that there are "no material issues of fact in dispute"; and 3) that the motion for summary judgment should be decided on the "facts and evidence" before the court.
Testimony should neither be received nor considered, even with consent of counsel, to decide a motion for summary judgment. Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), writ refused, 343 So.2d 1072 (La.1977); Fisher v. Cash Grocery and Sales, 316 So.2d 872 (La.App. 3d Cir.1975); Landau v. Groves, 397 So.2d 866 (La.App. 4th Cir.1981); see Succession of Dubuisson v. Cook, 427 So.2d 1312 (La. App. 2d Cir.1983).
Summary judgment is not a substitute for a trial on the merits and weighing conflicting evidence or making evaluations of credibility has no place in determining a summary judgment. Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App. 4th Cir. 1972); Lachney v. Employers Casualty Company, 281 So.2d 761 (La.App. 3d Cir. 1973); Mecom v. Mobil Oil Corporation, 299 So.2d 380 (La.App. 3d Cir.1974); writ denied, 302 So.2d 308 (La.1974); Dougharty v. Calkraft Paper Company, 335 So.2d 772 (La. App. 3d Cir.1976); Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 393 So.2d 207 (La.App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981).
The motion for summary judgment is improper insofar as it is based on the testimony at the prior hearing and the judgment is erroneous insofar as it is grounded on that testimony. Further, even were the motion to be considered to be based on the district judge's written reasons for judgment from the prior hearing, the motion would be improper as those reasons are a product of weighing evidence and judging credibility and, thus, those improper elements would be introduced indirectly into the summary judgment procedure.
On this record only the pleadings may be considered in support of the motion for summary judgment. A review of the pleadings shows that almost every factual allegation of the petition has been put at issue by the answer. Plaintiff has not met its burden, as the party moving for summary judgment, of showing that there is no genuine issue of material fact, and, therefore, the motion for summary judgment should have been denied.
For the foregoing reasons the portion of the judgment appealed granting the summary judgment is reversed and this cause is *1312 remanded for further proceedings.[1] All costs of this appeal are taxed against plaintiff, Urban Management Corporation.
NOTES
[1] We have carefully considered the language of the stipulation. The stipulation contains the following statement: "Plaintiff and defendant stipulate and agree that there should be judgment herein either granting or denying the motion for summary judgment on the basis of the said facts and evidence before the court." The stipulation cannot be construed to be an agreement that the case be decided on the merits based upon the evidence previously adduced. Therefore, this case requires a remand even at the expense of judicial economy.