427 So.2d 1312 (1983)
Robert M. WATSON, Administrator of the Succession of Linda S. Dubuisson (Thomas K. Kirkpatrick, et al., Partners in the Firm, Kirkpatrick, Keyser and Kirkpatrick, Movers), Movers-Appellees,
v.
Patsy Sibley COOK, et al. (Irma Sibley Tucker, Respondent), Respondent-Appellant.
No. 15197-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
*1313 John D. Crigler, St. Joseph, for moversappellees.
Robert T. Talley, Baton Rouge, for respondent-appellant.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
In this concursus proceeding, Irma Sibley Tucker appeals the granting of a motion for summary judgment in favor of Thomas K. Kirkpatrick and Gary L. Keyser, attorneys at law, recognizing certain documents conveying unto these attorneys an interest in a succession as attorney's fees and awarding unto the attorneys additional fees and expenses allegedly resulting from their representation of Mrs. Tucker, these fees to be paid from funds deposited in the court registry.
Mrs. Tucker is one of a group of heirs who successfully attacked the nuncupative will of Linda Dubuisson.[1] After a judgment was signed placing the heirs in possession of Linda Dubuisson's estate and prior to the distribution of the funds remaining after the payment of the succession debts, the administrator of the succession received notice from certain attorneys, including the *1314 law firm of Kirkpatrick, Keyser, and Kirkpatrick, that they had an interest in the cash and real property to be received by certain of the heirs. All demanded that the administrator honor certain contracts made by the heirs in question and divide the proceeds intended for distribution accordingly. The heirs, including Mrs. Tucker, then notified the administrator that he should not distribute the money to the claimant attorneys because the contracts with the claimants were nonexistent or infirm. Thus, the administrator invoked this concursus proceeding.
Kirkpatrick, Keyser, and Kirkpatrick answered the petition, alleging that they were employed and retained by each of the cited heirs incident to retainer contracts in the "Succession of Linda Dubuisson" and that under the terms of the contracts upon successful completion of the litigation acquired as their fee an interest in the subject matter of the suit, namely one-third of all property and money recovered. They further alleged successful, diligent representation of the heirs entitling them to this fee; the execution of an Act of Transfer conveying unto Keyser and Kirkpatrick one-third of the heirs' entire, undivided ownership interest in the estate in recognition of those services; and the execution of an additional contract by the heirs for compensation for further and continuing legal services performed in connection with the succession and for other expenses.
Mrs. Tucker answered alleging that Kirkpatrick, Keyser and Kirkpatrick had never been retained to represent her and were not entitled to compensation for any alleged services because of their fraudulent, unethical or ill practices which invalidated any alleged agreements or understandings. She specifically denied the validity of any instrument which conveys an interest in the Dubuisson succession.
Thereafter, Kirkpatrick, Keyser and Kirkpatrick filed a Motion for Summary Judgment against Mrs. Tucker with an attached affidavit, a copy of a Conveyance Agreement, and a Memorandum in Support of the Motion. The verified answer of the law firm has attached to it a list of expenses and a statement for additional professional services rendered in connection with the succession over and above those services purportedly rendered in connection with the contingency fee contract.
Mrs. Tucker then filed a Memorandum in Opposition to the Motion, an affidavit,[2] and copies of correspondence between Mrs. Tucker and Keyser.
With the record in this posture, the motion came for hearing. At the hearing, the trial court admitted the entire record into evidence as well as a certified copy of an Act of Transfer from Mrs. Tucker to Keyser and Kirkpatrick. Additionally, the trial court heard the testimony of Mrs. Tucker and one of the other heirs as to the events surrounding the handling of the succession and in connection with that testimony certain other exhibits were admitted.[3]
*1315 After this hearing, the trial court rendered judgment granting the summary judgment.
Our review of the record leads us to conclude that at least the following material issues of fact are raised in this proceeding:
(1) What was the nature of the initial contingency fee agreement signed by Mrs. Tucker with the law firm of Dozier, Keyser and Kirkpatrick?
(2) Whether or not she dismissed the law firm of Dozier, Keyser and Kirkpatrick and hired other counsel?
(3) Whether or not she entered into a valid, enforceable agreement at a later date with Keyser and Kirkpatrick for their representation of her in connection with this succession?
(4) Whether or not the circumstances surrounding the execution of the Conveyance agreement and Act of Transfer render them unenforceable?
(5) Whether or not the fees sought to be collected by Keyser and Kirkpatrick are excessive, and if so, the amount of the fees which are owed to them?
It is obvious from the trial court's oral reasons for judgment that at the motion for summary judgment hearing it conducted a "mini-trial" and considered all of these issues, made certain credibility evaluations and decided the case on the merits. It determined that a valid attorney client relationship existed between Keyser and Kirkpatrick and Mrs. Tucker, entitling them to the full enforcement of the agreements introduced into evidence and determined that the fee charged was not excessive, stating:
... The Court feels that to make disposition by summary judgment is as good as could be reached by further hearing, and the Court then will grant summary judgment in favor of Movers in that action.
Insofar as it relates to summary judgments, the state of the law is clear. La.C. C.P. Art. 966[4] provides the basis for such a motion.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivals, & Bryson, Inc., 394 So.2d 1189 (La.1981); Urban Management Corp. v. Ellis L. Burns, Jr., et al., 427 So.2d 1310 (La.App. 2d Cir. 1983); La.C.C.P. Art. 966. The movant for the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La.App. 1st Cir.1981). To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra. Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in *1316 affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.1980). It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Morris v. Louisiana Coca Cola Bottling Co., Ltd., 354 So.2d 659 (La. App. 1st Cir.1977). The weighing of conflicting evidence on a material fact has no place in summary judgment procedure. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3d Cir.1974). A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, e.g., motive, intent, good faith, knowledge. See Jefferson Parish School Bd. v. Rowley Company, Inc., 305 So.2d 658 (La.App. 4th Cir.1974); Butler v. Travelers Ins. Co., 233 So.2d 271 (La. App. 1st Cir.1970). Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Urban Management Corp. v. Ellis L. Burns, Jr., et al., supra; Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976). Making evaluations of credibility has no place in determining a summary judgment. Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App. 4th Cir. 1972); Hemphill v. Strain, supra.
Applying these well established principles of law pertaining to summary judgments, we conclude that the trial court was clearly wrong in conducting a hearing and granting a summary judgment in this case. The procedure employed by the trial court is the very procedure which is reserved to a full trial on the merits and is forbidden in hearings on Motions for Summary Judgments. The resolution of questions of material issues of fact necessarily involves the making of credibility evaluations and the weighing of conflicting evidence. A trial judge should not treat a motion for summary judgment as an opportunity to resolve and decide factual issues rather than as a procedural device to determine whether or not genuine issues of fact exist as evidenced by pleadings, affidavits, depositions, and admissions on file. Wilkinson v. Husser, 154 So.2d 490 (La.App. 1st Cir.1963).
Furthermore, our review of the jurisprudence leads us to conclude that any dispute relative to an attorney client relationship, including the enforcement of the contracts sought to be enforced in the instant proceeding, is subject to the close scrutiny of the courts and is to be resolved under the provisions of the Code of Professional Responsibility. See Saucier v. Hayes Dairy Products, 373 So.2d 102 (La.1979). In Saucier, the court pronounced limitations on the course an attorney may pursue to collect his fee after discharge by a client. Thereafter, in Scott v. Kemper Ins. Co., 377 So.2d 66 (La.1979), the court held that an attorney can neither force his continued representation on a client who wishes to discharge him nor may he obtain by any means a proprietary or ownership interest in the client's claim. Therefore, it is clear that although parties are permitted to contract and/or agree with respect to attorney's fees, that attorney's fees and all contracts and agreements pertaining to such fees are subject to the review and control of the courts. Leenert's Farms Inc. v. Rogers, 421 So.2d 216 (La.1982); see also, City of Shreveport v. Standard Printing Company of Shreveport, Inc., 427 So.2d 1304 (La. App. 2d Cir.1983). The collection of excessive fees for which no commensurate service is performed is not vouchsafed by law. See, Saucier v. Hayes Dairy Products, supra; Horton v. Butler, 387 So.2d 1315 (La. App. 1st Cir.1980); La.C.P.R. DR 2-106.
Therefore, without question, a trial on the merits is necessary to the resolution of this case.
Mrs. Tucker additionally argues that the trial judge erred in overruling her oral motion made at the hearing to add necessary parties to this proceeding. Because such issues are properly raised by an *1317 exception of non joinder of a necessary party [La.C.C.P. Art. 926] and because the failure of the trial court to grant exceptions is not an appealable judgment absent a showing of irreparable injury [La.C.C.P. Art. 2083], this issue is not properly before us for review.
For the foregoing reasons, the judgment of the trial court granting the summary judgment is reversed, the motion for summary judgment is overruled and the case is remanded to the district court for further proceedings. Costs of this appeal and those incurred in connection with the motion for summary judgment are cast against appellees.
JUDGMENT REVERSED AND REMANDED.
NOTES
[1] Succession of Linda Dubuisson, 378 So.2d 1049.
[2] Upon our initial review of this record we noted that the affidavit filed of record on behalf of Mrs. Tucker was unsigned. When questioned about this at oral argument, counsel for Mrs. Tucker assured us that the affidavit of Mrs. Tucker was in fact signed. Our further investigation revealed that the original affidavit signed by Mrs. Tucker was received by the Clerk's office, forwarded to the Judge's office prior to the hearing on the motion, and returned to the Clerk after the hearing. The record was thus supplemented to include the signed affidavit which attests to the fact that she originally hired the law firm of Dozier, Keyser and Kirkpatrick as her attorneys in connection with this succession, that the law firm was dismissed in 1977, that thereafter the law firm separated after which Keyser and Kirkpatrick continued to contact and represent her without her authorization after she had retained other counsel, that she only signed the agreements in question under protest after certain misrepresentations were made to her by Keyser, that she never intended to convey or transfer a proprietary interest to Keyser and Kirkpatrick, and that she believes a fee of onethird of her portion to be excessive.
[3] Items introduced into evidence at the hearing were a certified copy of the Act of Transfer, certified copies of certain pages from the original transcript of the trial in the Succession of Linda Dubuisson, a Motion to Substitute Counsel, certain photographs, and a letter from Mrs. Tucker to Keyser.
[4] La.C.C.P. Art. 966 provides:

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.