ELORA C. FINK, Judge Pro Tern.
This is an appeal by the defendant from a summary judgment dismissing an action for nullity of judgment. We reverse and remand the matter to the trial court for the reasons that follow.
The present case arises from a default judgment obtained in a previous suit. On February 2, 1989, Angel Dry Cleaners, Inc. instituted a suit against Dynamic International Equipment Company, a foreign corporation, seeking to recover damages resulting from Angel’s purchase of allegedly defective equipment manufactured by Dynamic. The equipment was originally purchased from Dynamic by Borg-Warner Leasing Corporation. Angel obtained the equipment through a financing/lease plan with Borg-Warner (which subsequently became TCF Commercial Leasing Corporation). After TCF executed an assignment of rights in favor of Angel, the latter filed suit.
Dynamic was duly served under the Long Arm Statute on February 6,1989, but filed no answer in the record. On April 5, 1990, Angel Dry Cleaners confirmed a default judgment against the company.
On August 16, 1990, Dynamic filed a petition for nullity of judgment, alleging that the default judgment had been obtained through “fraud and ill practices” and should be annulled pursuant to LSA-C.C.P. art. 2004. In support of this allegation, Dynamic relied on a letter from Stanley A. Strzelecki, Jr. (Dynamic’s Illinois counsel) to Angel’s attorney dated February 13, 1989, which purports to confirm a prior telephone conversation and states “that no action will be taken with regard to default of my client [Dynamic] in the 24th Judicial District Court for the Parish of Jefferson on this lawsuit without further notice, said agreement to be confirmed in writing.” (Emphasis added.)
Thereafter, Angel filed a motion for summary judgment, claiming that the default judgment was obtained legally and there were no issues of material fact. The trial court agreed and granted the motion for summary judgment, dismissing Dynamic’s petition for nullity of judgment.
In Penalber v. Blount, 550 So.2d 577 (La.1989), the Louisiana Supreme Court summarized the jurisprudence with respect to the granting of a motion for summary judgment as follows (at 583):
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Summary procedure should be used cautiously and sparingly; any reasonable doubt should be resolved against mover in favor of full trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Moreover, it is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Johnson v. Hitchens, 518 So.2d 1154 (La.App. 4th Cir.1987), reh den.
*153 The burden of proof is on the mover to establish there are no genuine issues of material fact. A “fact” is material if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. The burden is exacting. American Bank & Trust Co. v. Vinson, 528 So.2d 693 (La.App. 2d Cir.1988).
To determine the existence of a genuine issue of material fact, a court must refer to the substantive law applicable to the case. Talamo v. Johnston, 554 So.2d 800, 802 (La.App. 5 Cir.1989); see also, Penalber v. Blount, supra. In this case, therefore, we must review the jurisprudence on actionable “fraud or ill practices” under LSA-C.C.P. art. 2004.
In Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), our Supreme Court stated, at 1070:
Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. [Citations omitted.] * * * Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. [Citations omitted.]
Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. Thus, when a party fails to defend a suit because of the failure of the opposing party to warn him that a default would be taken, this judgment may be annulled when the parties had an agreement to give notice of any action taken on the suit, or the defaulted party relied on facts which he reasonably believed created such an agreement, and the enforcement of the judgment would be unconscionable and inequitable. [Citations omitted.]
Accordingly, to prevail on its motion for summary judgment, Angel Dry Cleaners must prove that at the time the default was taken there existed no agreement between the parties to give notice of any action taken on the suit.
The thrust of Angel’s argument in support of its motion for summary judgment is that the “further notice” mentioned in Dynamic’s letter dated February 13,1989, was given by Angel Dry Cleaners through three subsequent letters. Those letters and their respective certified mail return receipts were the only supporting documents Angel filed.
Specifically, on March 8, 1989, Angel’s counsel mailed a certified letter to Strze-lecki that states, “[W]ith this letter, we are advising you to submit an answer to the lawsuit filed in the 24th Judicial District Court for the Parish of Jefferson and referred to in your letter of February 13, 1989.” Angel’s second letter to Strzelecki, dated August 2, 1989, states, “Since this matter has been going on since last year, we expect to conclude a settlement within thirty days from receipt of this letter or expect an answer to the lawsuit filed.” Finally, in a letter to Strzelecki dated September 7, 1989, counsel for Angel states, “We suggest that you again review my letter of August 2, 1989 and either send a complete response, call me or file an answer to the law suit previously filed in this matter. We expect this matter to be settled within twenty (20) days of receipt of this letter.” Based on this correspondence, Angel Dry Cleaners argued that there were no misunderstandings between the parties and the default judgment was obtained legally.
Dynamic opposed the motion for summary judgment by submitting the affida *154 vits of Strzelecki and Andrew Pappas, president of Dynamic, in which both affiants indicate they believed that Angel Dry Cleaners would not take a default because of the parties’ continued negotiations.
The questions of whether Angel’s attorney agreed not to take a default while negotiations continued or whether counsel for Dynamic relied on facts he reasonably believed created such an agreement are factual issues. In accepting Angel’s argument that there was no agreement, the trial court was required to make a credibility determination inappropriate on motion for summary judgment. See Conrad v. Doe, 545 So.2d 677 (La.App. 5 Cir.1989). Since the parties obviously do not agree on these issues, there are material facts in dispute which must be referred to a trial on the merits.
For the foregoing reasons, we reverse the granting of the motion for summary judgment and remand this case for further proceedings. Costs of this appeal are assessed against the appellee.
REVERSED AND REMANDED.