242 So.2d 351 (1970)
Leander LOWE et ux., Plaintiffs-Appellants,
v.
THERMAL SUPPLY OF SHREVEPORT, INC., et al., Defendants-Appellees.
No. 11536.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1970.
Rehearing Denied January 11, 1971.
R. Clyde Lawton, Vivian, for plaintiffs-appellants.
Mayer & Smith, by Alex F. Smith, Jr., Shreveport, for defendants-appellees.
Before AYRES, DIXON and HEARD, JJ.
En Banc. Rehearing Denied January 11, 1971.
HEARD, Judge.
Leander Lowe and his wife, Charlene Hartzo Lowe, bring this suit for damages for injury sustained by Mrs. Lowe on August 9, 1969 when she fell on premises adjoining property of Thermal Supply of Shreveport, Inc. Made defendants are Thermal Supply and its liability insurer, Continental Casualty Company. From a judgment rejecting their demands plaintiffs have appealed.
The evidence established that Mr. Lowe was self-employed at Lowe's Refrigeration in Vivian, Louisiana. Mrs. Lowe assisted him in his business, running errands, working in the refrigeration shop and doing other small jobs. Lowe had been doing business with Thermal Supply ten or twelve years. On the date of the accident Lowe called Thermal Supply to purchase a *352 small motor and capacitor. It was near noon and Thermal Supply closed at noon. Mr. Mike Pyle, an employee of Thermal Supply, advised Mr. Lowe that he would leave the parts behind an air condenser in the rear of Thermal Supply's place of business. This had been done on prior occasions to accommodate Lowe and other customers. Thermal Supply did not own the vacant lot adjoining their property nor the area behind the air condenser where the parts were to be left for pick up. To reach this area it was necessary to cross the vacant lot. Mrs. Lowe made the trip from Vivian, parked her car in front of Thermal Supply, crossed the vacant lot, went behind the condenser unit for the parts and found they were not there. When returning to her car across the vacant lot her feet became entangled in grass causing her to fall over the curb onto the concrete parking area.
Plaintiff's contend that Mrs. Lowe was an invitee and that Thermal Supply, as the proprietor of a business and occupier of a premises for business purposes, owed a duty to exercise ordinary care to its invitees to avoid reasonably foreseeable dangers to keep its premises safe from hidden dangers in the nature of traps or pitfalls unknown to such invitees or observed and appreciated. Plaintiff was injured on property other than that of the proprietor and occupier. However, it was testified to that on many occasions, perhaps 15 or 20 during that summer, parts had been left behind the condenser unit to accommodate customers. Mrs. Lowe had picked up parts for their business previously from this area.
In Levert v. Travelers Indemnity Company, La.App., 140 So.2d 811 (3d Cir. 1962) the court said:
"The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger." [140 So.2d 811, 813]
In view of the testimony that defendants had on many occasions placed these parts in an area which required its customers to cross this vacant lot, in our opinion Mrs. Lowe was an invitee. There is no evidence the vacant lot contained hidden dangers in the nature of pitfalls unknown to such an invitee. In fact there were no traps or pitfalls, and Mrs. Lowe had crossed the area on prior occasions to pick up parts. She made the trip successfully on this occasion and sustained her injuries while returning to her car. In Levert v. Travelers, Indemnity Company, supra, the court quoted from Prosser on Torts (2nd ed., 1955), p. 283, saying:
`Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to his damage, which falls below the standard to which he is required to conform for his own protection.' * * * [140 So.2d 811, 815]
The grass on the lot in which Mrs. Lowe became entangled, was obvious and not a trap or pitfall. In view of the fact that she had traversed this area on prior occasions and had just negotiated the crossing successfully, it is our opinion plaintiff was contributorily negligent.
Therefore, the judgment of the trial court is affirmed.
DIXON, Judge, dissents with written reasons.
*353 DIXON, Judge, (dissenting):
I respectfully dissent.
Leander Lowe is in the air conditioning business in Vivian. On a Saturday morning he called Thermal Supply a Shreveport outfit, to obtain a fractional horse power electric motor and a capacitor. Since Lowe knew that Thermal closed at noon, and that he could not pick up the order until after noon, Lowe asked the clerk if he would put the things at a filling station to be picked up Saturday afternoon. The clerk replied that he would place the merchandise near an air conditioner condenser outside Thermal's warehouse.
That afternoon, Mrs. Lowe, on instructions from her husband, parked on the paved parking apron which extended across the front of the building, and which covered the area between the street and the building. A concrete curb bounded the parking lot on the west side, running parallel to the west side of the building. Tall, thick grass grew along this curb. Mrs. Lowe went to the condenser, hidden from the parking lot by willow bushes and high grass. She did not find the parts. When she returned to her car, she fell at the curb. The fall was serious and painful.
In an oral opinion dictated at the conclusion of the case, the trial judge, "conceding without admitting that there was negligence on the part of the defendant," found the plaintiff guilty of contributory negligence because she could see the grass and the curb that she fell over. Because he found Mrs. Lowe guilty of contributory negligence, there was judgment for the defendants.
A reading of the testimony leaves no difficulty in concluding that the grass caused Mrs. Lowe to fall. There is no evidence to contradict her testimony, and I cannot agree that her testimony convicts her of contributory negligence.
However, there is no evidence as to the ownership of the lot on which the grass grew. Plaintiff made no effort to prove ownership, apparently concluding that, since it was the only way plaintiff could get to the condenser to pick up the merchandise, the defendant would be responsible for any dangerous condition existing along the way. Defendants' two witnesses did not know who owned the lot but one said that he could not say that Thermal Supply did not own it. The pictures in the record do not help.
There is a recent case involving injury on non-owned property which indicates that there might be liability if the dangerous condition to which a customer is exposed is known to the business inviting the customer, even though the dangerous condition is not on land owned or leased by the business establishment. See Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (1970).
The evidence is sufficient to show that the employees of Thermal Supply knew about the high grass. I am convinced that the tall, thick grass caused Mrs. Lowe to fall, and the defendant did not carry the burden of proving her contributory negligence.
This is a case in which a nonsuit should be entered, so that plaintiff might prove the ownership of the dangerous premises.