559 So.2d 520 (1990)
Terri LANGLEY & Scott Hansford Frith, Appellees,
v.
OXFORD CHEMICALS, INC., et al., Appellants.
No. 21724-CW.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
*521 Iverson & Amman by R. Douglas Wood, Jr., Monroe, for respondents, Terri Langley and Scott Hansford Frith.
Hulse, Nelson & Wanek by John I. Hulse and Gwendolyn S. Hebert, New Orleans, for respondent, Oxford Chemicals, Inc.
Hudson, Potts & Bernstein by Gordon L. James and Brady D. King, III, Monroe, for applicants, Doug Baker and Shelter Ins. Co.
Napper, Waltman, Madden & Rogers by R.H. Madden, III, Ruston, for Charles L. Crowell, Sr. & Charles L. Crowell, Jr.
Hamilton & Carroll by Orlando N. Hamilton, Oak Grove, for G.C. Mayo.
Before JONES, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Douglas Baker and his insurer, Shelter Insurance Company, applied for writs after the trial court denied their motion for summary judgment. We granted the writ and placed the case on the regular docket. We now make the writ peremptory, reverse the trial court's judgment and remand the case for further proceedings.

Facts
The plaintiffs, Terri Langley and Scott Frith, are the divorced parents of LaDonna Frith, a four-year old who sustained chemical burns to her face, body and legs in an accident in June 1986. LaDonna was at the time playing with her six-year old sister, Patsy Starr, and a five-year old friend, Danna Searcy, on the premises of a trailer park in West Monroe. Douglas Baker owns and operates the trailer park but does not live there. He leased a house trailer to Mrs. Langley and her husband, with whom LaDonna and Patsy lived; he also leased a house trailer to Danna Searcy's parents.
The children somehow found a bottle of sulfuric acid; their versions of the incident differ. They got the acid either from a shed on an adjacent lot (owned by defendant Crowell Sr.) or from the back of a truck parked on the trailer park premises (the truck was owned by defendant Welch, who was employed by defendant Mayo). The children poured some of the acid (allegedly made, bottled and distributed by defendant Oxford Chemicals) into a teacup which ultimately spilled on LaDonna, causing severe and permanent injuries.
The plaintiffs sued all the defendants mentioned above, plus Danna Searcy's parents. Their unverified petition alleged that Douglas Baker, as owner of the trailer park, was negligent in that he knew or should have known the "dangerous condition(s)" of his premises; and he failed to take necessary steps to make the premises safe or provide adequate warnings to protect small children. The petition specifically alleges that Baker was aware that Crowell's adjacent property contained "many open and obvious hazards" to small children; that he knew or should have known his tenants' children would use the adjacent property as a play area; that he took no action to fence or otherwise limit access to open and obvious hazards; finally, he knew or should have known that Welch, from whose truck the acid might have been taken, was leaving hazardous materials in a place easily accessible to children playing in the area.
*522 Oxford filed a cross-claim against Baker and a third party demand against Shelter, which was not a named defendant in the principal action. Oxford adopted the plaintiffs' allegations and demanded judgment in its favor; alternatively Oxford sought indemnity or contribution.
Baker and Shelter moved for summary judgment. In support, Baker filed an affidavit which averred: he had never seen any of his tenants' children playing in or around any shed or building located off his property, specifically Crowell's shed; he had never seen, or had knowledge or reason to suspect, that any dangerous substances, such as sulfuric acid, were located either on his property or adjacent to his property; he had never seen, or had knowledge or reason to suspect, that any of his tenants stored or kept dangerous substances, such as sulfuric acid, in open and obvious places, such as the back of a pickup truck.
The plaintiffs and Oxford (respondents herein) opposed the motion. They offered no affidavits, but Oxford filed portions of its discovery depositions. These mainly address the issue of where the acid was found and cast no light on Baker's alleged knowledge or the alleged defect of his premises. They do show, however, that Mrs. Langley and her husband did not see the truck and did not know whether it was parked on the premises. R.p.p. 279, 284. None of the adults admitted knowing the children had ever entered the shed before that day.
The trial court denied the motion for summary judgment without reasons.

Summary judgment
Summary judgment under LSA-C.C.P. arts. 966-969 is a mechanism for ending unnecessary litigation. It is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983), and citations therein. To satisfy this burden, the mover must meet a strict standard of showing that the material facts are quite clear and exclude any real doubt. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts that would be admissible in evidence, and shall show affirmatively that that affiant is competent to testify to the matters asserted. LSA-C. C.P. art. 967. When a motion for summary judgment is made and supported, the opposing party may not rest on the mere allegations or denials of his pleadings but must set forth, by affidavits or other certified papers contemplated by art. 966, specific facts showing that there is a genuine issue for trial. Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2d Cir. 1982), and citations therein. In effect, after the mover files sufficient documentation to support the motion for summary judgment, the burden shifts to the opponent to prove that material facts are at issue. Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772 (La.1980). Moreover, the presence of a factual issue will not always defeat summary judgment. If the mover shows he is entitled to judgment as a matter of law, then a factual issue immaterial to his position will not defeat his motion. Locker v. Wilson, 536 So.2d 441 (La.App. 2d Cir.1988), writ denied 537 So.2d 210 (La.1989), and citations therein.

Strict liability
After reviewing the pleadings, depositions, answers to interrogatories and affidavits, we are constrained to hold the trial court committed legal error by denying Baker's motion for summary judgment. According to the respondents, Baker's liability is based on LSA-C.C. art. 2317, which provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of *523 persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
In order for a defendant to be held strictly liable under this article, the plaintiff must show:
1. That the thing which caused the injury was in the care, custody and control ("garde") of the defendant;
2. That a vice or defect existed in the thing; and
3. That the vice or defect caused the injury.
See Loescher v. Parr, 324 So.2d 441 (La. 1975); Sumner v. Foremost Ins. Co., 417 So.2d 1327 (La.App. 3d Cir.1982).
In support of their claim of strict liability, the respondents have advanced two theories of where the children found the acid. By the first, they found it in a shed on Crowell's property. Crowell's shed was patently not under Baker's garde. In the absence of indicia of custody or control on Baker's part, he is not strictly liable for the condition of his neighbor's shed. Pepitone v. State Farm Mut. Auto. Ins. Co., 369 So.2d 267 (La.App. 4th Cir.1979), writ denied 371 So.2d 1343 (La.1979).
Oxford has nevertheless cited this court's opinion in Lowe v. Thermal Supply of Shreveport Inc., 242 So.2d 351 (La.App. 2d Cir.1970), as a case where "the owner of one property was found to be liable even though the plaintiff's injuries occurred on an empty lot adjoining the defendant's refrigeration business[.]" Br., 5 (emphasis added). In that case, the defendant was not found liable; the court pretermitted discussion of non-owner strict liability because of abundant evidence that the plaintiff was contributorily negligent. Oxford also cites Lewis v. Fireman's Fund Ins. Co., 342 So.2d 244 (La.App. 4th Cir.1977). There the court found that a drainage canal, where a child's drowning death occurred, and an adjacent playground, from which the victim had strayed, were actually under the garde of the same entity, the Jefferson Parish Department of Recreation; the court did not expressly find non-owner liability. These cases do not offset the obvious; Crowell's shed was not under Baker's garde.
By the second theory, the children found the acid in the back of a pickup truck parked at the trailer park. This theory at least places the acid on Baker's premises but it does not suggest any degree of care, custody and control. The truck was transiently parked on Baker's property. The respondents cite no authority for holding the property owner strictly liable under these facts, and we find none. On the contrary, when a tree on adjacent land had recently fallen across a highway, thus creating a risk of harm to drivers, the tree was found not to be under the garde of DOTD. Walker v. DOTD, 460 So.2d 1132 (La.App. 2d Cir.1984), writ denied 464 So.2d 1377 (La.1985). When some gravel was brushed onto the defendant's walkway, thus creating a hazard for pedestrians, the gravel was found not to be under the garde of the corporation that owned the walkway. Waters v. McDaniel Rec. Center Inc., 521 So.2d 788 (La.App. 2d Cir.1988), writ denied 524 So.2d 520 (La.1988). The instant case is analogous. Although Welch's truck was possibly on Baker's property, there is no allegation that Baker had garde over it.
Moreover, we understand a defect to be a flaw or condition existing in the thing itself. Loescher v. Parr, supra; Walker v. DOTD, supra. We do not see how a bottle of acid that may have been stored in a shed off Baker's property or in a truck transiently parked on it is a defect in Baker's premises. The respondents cannot prevail against this defendant by means of strict liability.

Negligence
The respondents also urge that Baker was negligent under LSA-C.C. art. 2315. Their petitions allege that Baker knew or should have known of the dangerous conditions that led to LaDonna's injuries. In order to prevail with a theory of negligence, a plaintiff must show:
1. The defendant's conduct was a cause in fact of the accident;
*524 2. The defendant owed a legal duty encompassing the particular risk to which plaintiff was exposed;
3. The defendant breached that duty; and
4. Damages resulted.
Dixie Drive It Yourself System Inc. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Forest v. State, through DOTD, 493 So.2d 563 (La.1986).
The property owner's duty is to act reasonably in view of the probability of injury; he is not an insurer of his premises. Shelton v. Aetna Cas. & Sur. Co., 334 So.2d 406 (La.1976); Mims v. Bradford, 503 So.2d 1083 (La.App. 2d Cir.1987), writ denied 504 So.2d 556 (La.1987). We have already concluded that Baker did not owe the respondents the duty to protect against alleged defects in Crowell's shed off the premises or Welch's truck only transiently on the premises as these things were not under Baker's garde. However, the owner also has the duty to protect these respondents from obvious and unusual dangerous conditions on adjacent property, if he has knowledge of these conditions. Cothern v. LaRocca, 255 La. 673, 232 So.2d 473, 39 A.L.R.3d 571 (1970). In the instant case the respondents alleged by unverified petitions that Baker "knew or should have known" that Crowell's shed or Welch's truck created "open and obvious hazards." In support of his motion for summary judgment, Baker filed his own affidavit specifically denying knowledge of these alleged open and obvious hazards, item by item. In opposition, the respondents did not file any counter affidavits of their own; they merely reasserted the allegations of their original and third party petitions.
Baker's affidavit is sufficient to refute each claim of knowledge on which the negligence action would rest. The unsworn and unverified petitions do not have sufficient evidentiary quality to create a genuine issue of material fact. Continental Cas. Co. v. McClure, 313 So.2d 260 (La. App. 4th Cir.1975). There are no counter affidavits and no explanation for their absence. Parker v. Sears, Roebuck & Co., supra. Since Baker's motion was properly made and supported, the burden shifted to the respondents. Instead of meeting the burden, these respondents relied on the bare, formal allegations of their petitions. In sum, the pleadings, depositions, answers to interrogatories, admissions and affidavits show that Baker had no knowledge of "open and obvious hazards" on property not under his own garde. The negligence action must fail, and summary judgment is appropriate.
Oxford urges that Baker owed a higher standard of care than mere reasonableness. In support it cites Banks v. Hyatt Corp., 722 F.2d 214 (5th Cir.1984), which imposes on hotel owners a duty to protect patrons from the tortious attacks of third persons. The high standard is fairly limited to hotel owners, who must exercise great care to protect their patrons against intentional acts by third persons. Other businesses owe a duty only of reasonable care to protect patrons from foreseeable assaults by third persons. See, e.g., Ballew v. Southland Corp., 482 So.2d 890 (La.App. 2d Cir.1986). The instant case involves neither a hotel owner nor an intentional battery. The Banks standard does not apply; Baker owed only a reasonable duty, and Oxford has not shown that it was breached.

Conclusion
For the reasons expressed, the trial court was wrong to deny Baker and Shelter's motion for summary judgment. While the respondents are correct to assert that a great factual issue exists, regardless of its resolution Baker's duty is not affected. He is entitled to judgment as a matter of law; the unsettled factual issues are immaterial to his liability. The judgment denying the motion is therefore reversed. Terri Langley and Scott Frith's original claims against Baker, and Oxford's claims against Baker and Shelter, are dismissed. The case is remanded for further proceedings. Costs of this writ application are assessed to the respondents, one-half to Terri Langley and Scott Frith and one-half to Oxford Chemicals.
*525 WRIT MADE PEREMPTORY; JUDGMENT REVERSED; CASE REMANDED.