700 So.2d 892 (1997)
Dung E. PYE
v.
INSULATION TECHNOLOGIES, INC.
No. 97-CA-237.
Court of Appeal of Louisiana, Fifth Circuit.
September 17, 1997.
Writ Denied December 19, 1997.
Michael D. Clement, Marrero, for Plaintiff/Appellant.
*893 Robert S. Reich, Lawrence R. Plunkett, Jr., Metairie, for Defendant/Appellee.
Before CANNELLA and DALEY, JJ., and BURNS, J. Pro Tem.
DALEY, Judge.
Plaintiff, Dung E. Pye, filed suit against his employer, Insulation Technologies, Inc., its insurer and a co-worker, Danilo Antonio Viledo, for an event that allegedly occurred on or about June 30, 1994 in which Viledo, a subordinate employee, allegedly struck plaintiff as the two were preparing to leave a job site. Plaintiff alleges that his employer, Insulation Technologies, Inc., is vicariously liable for the intentional tort of its subordinate employee, Viledo (worker), against plaintiff, who was Viledo's supervisor. The trial judge granted Insulation Technologies' Motion for Summary Judgment, finding that given the undisputed facts in this case the employer is not vicariously liable merely because his employee commits an intentional tort on work premises during work hours. Plaintiff appeals the trial court's grant of summary judgment in favor of Insulation Technologies, Inc.

FACTS
Plaintiff was the supervisor in charge of a crew of construction workers, which included Viledo. Viledo had been reprimanded by plaintiff, his supervisor. On June 30, 1994, at approximately 10:30 a.m., Viledo questioned Pye as to why he continually reported Viledo for less than satisfactory work performance and failure to follow instructions. Following this confrontation, Viledo struck Pye with a piece of wood.

ANALYSIS
Summary Judgment was granted, dismissing the employer from the suit.
Plaintiff asserts three assignments of error:
1. The trial court committed error in ruling on a question of fact.
2. The trial court committed error in misapplying the prevailing test in determining vicarious liability.
3. The trial court committed error in holding that the worker's tortious conduct was not within the course and scope of his employment.
Appellant claims that whether an employee is in the course and scope of his employment is a question of fact. The question in this suit, however, is not whether the worker was at work (which is not in dispute), but rather whether a worker striking his supervisor in the head with a stick is within the course and scope of his employment.
Plaintiff contends both he and the worker were in the course and scope of their employment at the time of the injury, rendering the defendant vicariously liable for Viledo's intentional act. Defendant argues its Motion for Summary Judgment was properly supported and, since plaintiff failed to rebut this evidence by submitting any evidence in opposition to the Motion, the trial court correctly granted summary judgment.
The sole purpose of a motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. A summary judgment is not a substitute for a trial on the merits. Leonard v. Stephens, 588 So.2d 1300 (La.App. 2 Cir.1991). The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt on this score should be resolved against granting the motion. Langley v. Oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2 Cir.1990); Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App. 2 Cir. 1992). However, when a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. Art. 967. In effect, after the mover files sufficient documentation to support the motion for summary judgment, the burden shifts to the opponent to prove material facts are at issue. Langley, supra.
The trial court properly relied on Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, in analyzing whether the actions of *894 the worker gave rise to vicarious liability of defendant. The court in Baumeister, supra at p. 996 found:
"An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." Scott v. Commercial Union Ins. Co., 415 So.2d 327, 329 (La.App. 2d Cir.1982) (citing Bradley v. Humble Oil & Refining Co., 163 So.2d 180 (La.App. 4th Cir.1964)). "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." Id.
In LeBrane v. Lewis, 292 So.2d 216 (La. 1974), which was cited in Baumeister as a leading case involving employer's liability for intentional torts committed by its employee, four factors were considered to determine course and scope of employment:
1. Whether the tortious act was primarily employment rooted;
2. Whether the violence was reasonably incidental to the performance of the employee's duties;
3. Whether the act occurred on the employer's premises; and
4. Whether it occurred during the hours of employment.
In the trial court's detailed Reasons for Judgment he found:
"The Court finds the last two LeBrane factors to be established. The alleged battery took place during working hours at 10:30 a.m. at Saint Helena Parish High School, a job-site where Insultech crews were removing asbestos.
The first and second LeBrane factors are not present in this case. The likelihood that an employee would come up behind a supervisor and strike him in the face with a piece of driftwood is simply not a risk fairly attributable to the performance of the employee's duties. An asbestos worker's duties do not include battery on a co-employee. Nor should the employer have foreseen such conduct on the job-site during working hours. Viledo's actions were therefore not reasonably incidental to the performance of his employment."
This Court finds, as did the trial court, that the plaintiff failed to establish that the worker's tortious act was employment rooted. The employer derived no benefit from the act, and the act, hitting one's supervisor, was "entirely extraneous to his employer's interest". See Barto v. Franchise Enterprises, Inc., 588 So.2d 1353, 1357 (La.App. 2 Cir.1991), wherein summary judgment was granted for an employer where a subordinate employee stabbed his supervisor during a theft investigation.
For the forgoing reasons, the trial court judgment is affirmed.
AFFIRMED.