LGONZALES, J.
On June 28, 1994, Richard Paul Ryback, an employee of Winn-Dixie Louisiana, Inc., was unloading a truck at the Winn-Dixie Louisiana, Inc. store (Winn-Dixie) in Denham Springs, Louisiana. Jacques Mitchell Belle, also an employee of Winn-Dixie, was assisting in the unloading of the truck. Mr. Belle entered the walk-in freezer and Mr. Ryback attempted to pass the door with a pallet jack, accidentally closing the freezer door. Mr. Belle walked out of the freezer, began threatening Mr. Ryback, then attacked and beat Mr. Ry-back.
Mr. Ryback was a minor at the time of the incident. Therefore, his parents, Ronald and Darlene Ryback, filed suit for damages individually and on behalf of their minor son, Mr. Ryback, against Mr. Belle; Ronald Blanchard, Mr. Ryback’s supervisor at Winn-Dixie; Ricky Martin, another supervisor; and Winn-Dixie. The claims against Mr. Blanchard and Mr. Martin were dismissed at trial, leaving Mr. Belle and Winn-Dixie as the only defendants.
After trial on the merits, the jury found that Mr. Belle committed an intentional battery upon Mr. Ryback. Further, the jury found that the incident was not reasonably incidental to the performance of the job duties by Mr. Belle and Mr. Ry-back, and that the actions of Mr. Belle were not so closely connected in time, place and causation to his employment *385 duties as to be a risk of harm attributable to Winn-Dixie.
The jury awarded Mr. Ryback $12,-000.00 for past medical expenses, $5,000.00 for future medical expenses, $50,000.00 for past physical pain and suffering, and $500.00 for lost wages and/or loss of future earning capacity. The jury also awarded Darlene Ryback $5,000.00 for loss of consortium.
Thereafter, the Rybacks filed a motion for judgment notwithstanding the verdict (JNOV), asking that the jury verdict be set aside or, in the alternative, that new trial or additur be ordered. The trial court granted the motion for JNOV, in part, finding that reasonable minds could not have arrived at the verdict that the incident was not employment-rooted; granted judgment in favor of the Rybacks and against Winn-Dixie |aand Jacques Belle, jointly and in solido, for the amount of the jury judgment, $72,500.00. Further, the trial court conditionally denied the motion for new trial, in the event that the JNOV was later vacated or reversed, and denied the motion for additur. Winn-Dixie is appealing the judgment which granted the JNOV.
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991).
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated. Anderson, 583 So.2d at 832.
An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties Rand also in furtherance of his employer’s objectives. Scott v. Commercial Union Insurance Company, 415 So.2d 327, 329 (La.App. 2nd Cir.1982).
The particular facts of each case must be examined to determine whether the employee’s tortious conduct was within the scope of his employment. Scott, 415 So.2d at 329.
The facts of this case are that Mr. Ryback accidentally closed the freezer door as he walked past it with a pallet jack. The door was easily opened by Mr. Belle, who came out of the freezer cursing at Mr. Ryback, and Mr. Ryback apologized. Mr. Belle then viciously attacked Mr. Ryback, hitting him numerous times in the face and kicking him in the ribs and the leg before another employee pulled him away. Mr. Ryback offered no resistance and did not attempt to fight with Mr. Belle.
*386 LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974), provides a four-part test for determining whether an employer is vicariously liable for an employee’s actions. This includes: first, whether the tortious act was primarily employment-rooted; second, whether the act was reasonably incidental to the performance of the employee’s duties; third, whether the act occurred on the employer’s premises; and, fourth, whether the act occurred during the hours of employment. See Latullas v. State, 94-2049 (La.App. 1st Cir.6/23/95), 658 So.2d 800, 804.
The Louisiana Supreme Court again addressed the issue of determining whether an employee’s tortious conduct was within the course and scope of his employment in Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994. In Baumeis-ter, the court found that a sexual assault by a supervisor upon an employee which took place at work was not a risk fairly attributable to the performance of the supervisor’s duties.
In this case, as in Baumeister’, serving the master’s business did not actuate the servant at all, much less to any appreciable extent. This is not a case where a supervisor’s performance of his duties, such as disciplining or threatening to discipline an insubordinate employee, leads to an intentional tort. Baumeister, 673 So.2d at 999-1000.
Pye v. Insulation Technologies, Inc., 97-237 (La.App. 5th Cir.9/17/97), 700 So.2d 892, writ denied, 97-2571 (La.12/19/97) 706 So.2d 461, is a case factually similar to this one. In Pye, an employee filed suit against his employer after he was struck by a subordinate employee at work. In Pye, as in the present case, the plaintiff contended that the employer was responsible for the tortious act of the employee. After applying the four LeBrane factors, the trial court found that:
The first and second LeBrane factors are not present in this case. The likelihood that an employee would come up behind a supervisor and strike him in the face with a piece of driftwood is simply not a risk fairly attributable to the performance of the employee’s duties. An asbestos worker’s duties do not include battery on a co-employee. Nor should the employer have foreseen such conduct on the job-site during working hours. [The tortfeasor’s] actions were therefore not reasonably incidental to the performance of his employment.
Pye, 700 So.2d at 894.
The trial court in Pye granted a motion for summary judgment in favor of the employer. The appellate court affirmed the granting of the motion for summary judgment, stating, “This Court finds, as did the trial court, that the plaintiff failed to establish that the worker’s tortious act was employment rooted. The employer derived no benefit from the act, and the act, hitting one’s supervisor, was ‘entirely extraneous to his employer’s interestf.]” ’ Pye, 700 So.2d at 894.
In Barto v. Franchise Enterprises, Inc., 588 So.2d 1353 (La.App. 2nd Cir.1991), writ denied, 591 So.2d 708 (La.1992), a supervisor at a restaurant was stabbed by an employee of the restaurant when the supervisor questioned him about a theft from the restaurant. The supervisor filed suit against the employer on the theory of vicarious liability. The trial court granted a summary judgment in favor of the supervisor, and against the employer, finding the employer liable for the tortious act of the employee. The appellate court granted writs, reversed the trial court’s summary judgment in favor of the employee, and granted summary judgment in favor of the employer.
|fiThe Barto court found that “Fletcher’s act of stealing money and assaulting his supervisor during an investigation is clearly beyond the course and scope of his employment.” Id. at 1357. Further, the Barto court found that “Fletcher’s conduct of stabbing his supervisor did not benefit his employer and was entirely extraneous *387 to his employer’s interests. Thus, Fletcher’s conduct cannot be regarded as a ‘risk of harm fairly attributable to the employer’s business.” ’ Barto, 588 So.2d at 1357.
In the case of Allen v. Payne & Keller Company, Inc., 96-2326 (La.App. 1st Cir.4/8/98), 710 So.2d 1138, writ denied, 98-1821 (La.10/16/98), 726 So.2d 908, Mr. Allen, an employee of Payne & Keller, had an implant in his brain to control chronic back pain. A fellow employee walked by Mr. Allen while he was bending over, purposely hit him with his knee in the buttocks, causing him to fall forward, hit his head and injure himself. Mr. Allen filed suit, alleging that his employer was vicariously liable for the tortious act of his co-employee. After trial on the merits, the jury found in favor of the employer and the case was dismissed. Mr. Allen appealed, and this appellate court affirmed the trial court, finding that the “bumping” was not linked to, or caused by, the employment duties.
In the case before us, the attack upon Mr. Ryback clearly took place on the employer’s premises and during the hours of employment. However, we find that it was reasonable for the jury to determine that the attack was not incidental to the employee’s duties and not primarily employment-rooted and, thus, that Winn-Dix-ie was not hable to Mr. Ryback for that attack. The likelihood that an employee will become enraged when his co-employee accidentally closes the freezer door on him, and that the employee will then viciously attack his co-employee, is not a risk fairly attributable to the performance of the employee’s duties. See Baumeister, 673 So.2d at 999.
The trial court judge in this case committed error in applying the standard for granting a JNOV, and merely substituted his judgment for that of the jury.
Therefore, for the foregoing reasons, the trial court judgment dated May 2, 1998, which granted the JNOV is REVERSED; the original judgment, dated March 13, 1998,17which incorporated the jury verdict, is REINSTATED and AFFIRMED. Costs are assessed against Mr. Ryback.
FITZSIMMONS, J., concurs, and assigns reasons.