1 FITZSIMMONS,
concurring with reasons.
I respectfully concur in the majority opinion. The facts of this case are clear: both parties were unloading a supply truck; both were working in the same area of the store; both were using pallet jacks to transfer goods from the truck to separate freezers in the store; both were using the same passageway to and from the truck. The jurisprudential interpretation of the “course and scope” of intentional torts by an employee, and its application to the particular facts at hand, is, however, not so easily discerned.
The eruption by one employee, which was exclusively a response to the performance of work by another employee in their joint job task, is definitely related to his employment. Whether it is to be classified as “employment-rooted” and in the “course and scope” of employment depends on the degree to which the offending party’s action must be connected to his job assignment. The pivotal question is whether the physical assault on Mr. Ry-back by Mr. Belle can be viewed as reasonably incidental to the performance of Mr. Belle’s duty of unloading the supplies from the truck. This is juxtaposed against the concept of whether it can be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. See Baumeister v. Plunkett, 95-2270, p. 5 (La.5/21/96), 673 So.2d 994, 997.
The case at hand is distinguishable from Pye v. Insulation Technologies, Inc., 97-237 (La.App. 5th Cir.9/17/97), 700 So.2d 892, writ denied, 97-2571 (La.12/19/97), 706 So.2d 461 and Barto v. Franchise Enterprises, Inc., 588 So.2d 1353 (La.App. *388 2nd Cir.1991), writ denied, 591 So.2d 708 (La.1992). In those cases, which are cited by the majority, the provocation did not arise as a direct result of the provoked employee’s attempt to |afulfíll his job assignment. In the instant matter, Mr. Belle’s overreaction occurred while the two employees were carrying out their assignments and in response to the method in which Mr. Ryback performed the unloading of the truck. Thus, one must draw an ever finer line of distinction as to whether Mr. Belle’s overreaction can be viewed as a risk of harm fairly attributable to the employer’s business of unloading the supplies from the truck.
Rationally, no employer would view his enterprise as being enhanced by physical altercations between employees. The infliction of an intentional tort is as remote to an employer’s expectation as sea is to desert. There is but little shoreline where sand and water consistently touch. This is not one of those times.