.CLARENCE E. McMANUS, Judge.
Plaintiff appeals from the trial court’s decision granting summary judgment in favor of Jones Bros. Enterprises, Inc. (“Jones Bros.”), and its insurer, dismissing plaintiffs suit. We affirm the decision of the trial court.
Plaintiff, Dwight Torrence was employed by Gabriel Properties, LLC. On the date in question, he was working at construction site. He was standing on a deer blind, directing dump truck and issuing receipts. Defendant Robert Lewis was a dump truck driver, employed by defendant Jones Bros. He entered the property and took a short cut to dump his load, prompting comment from plaintiff with the admonishment that, if he took the shortcut again, he would not receive his receipt. *1105 When Lewis returned with another load, he again took the shortcut. Thereafter, he went to Torrence, who called for a supervisor instead of giving Lewis his ticket. Lewis punched Torrence in the face, and pushed him off the deer stand. Torrence alleges that as a result, he suffered injury to his left eye, right wrist, right shoulder, right thigh, right knee, right leg as a whole, and his back and neck.
LTorrence instituted this suit naming as defendant Lewis[1], Jones, and Jones’ insurer, ABC Ins. Co. In his petition plaintiff alleges that, as Lewis’ employer, Jones Bros, is vicariously liable for Lewis’ his actions. The petition further alleged that Jones Bros, was negligent in hiring, supervising and failure to terminate Lewis.
Thereafter, Jones filed for summary judgment, alleging that Lewis’ act was outside of the course and scope of his employment and that there were no facts to suggest that it was negligent in hiring and supervising Lewis. The trial court agreed and granted summary judgment dismissing the suit.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Underwood v. Best Western Westbank, Inc., 04-243 (La.App. 5 Cir. 8/31/04), 881 So.2d 1271, 1274.
Summary judgments are reviewed de novo on appeal. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. Thus, we ask the |4same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1, 5.
In this case, appellant contends that there is a material issue of fact as to whether Mr. Lewis was acting in the course and scope of his employment when he punched plaintiff. The Louisiana Supreme Court, in Baumeister v. Plunkett, et al., 95-2270 (La.5/21/96), 673 So.2d 994, 996, said that:
The law in this area is clear that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment. The course of employment test refers to time and place. The scope of employment test examines the employment-related risk of injury.
According to Louisiana Civil Code article 2320, “masters and employers are answerable for the damage occasioned *1106 by their servants and overseers, in the exercise of the functions in which they are employed.” In fact, this Court has held that in order for an employer to be vicariously liable for the tortious acts of its employee the “tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer’s interest.”
An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer’s objective. (Citations omitted.)
In LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974), four factors were considered to determine course and scope of employment:
1. Whether the tortious act was primarily employment rooted;
2. Whether the violence was reasonably incidental to the performance of the employee’s duties;
3. Whether the act occurred on the employer’s premises; and
4. Whether it occurred during the hours of employment.
 Pye v. Insulation Technologies, Inc., 97-287 (La.App. 5 Cir. 9/17/97), 700 So.2d 892, 894, writ denied 97-2571 (La.12/19/97), 706 So.2d 461.
Only tortious conduct so closely connected in time, place, and causation to the employment duties as to be regarded as a risk of harm fairly attributable to the employer “business imposes vicarious liability on an employer. Conduct motivated by purely personal considerations entirely extraneous to the employer” interests does not. (Citations omitted.)
Lee v. Delta Air Lines, 00-1034 (La.App. 5 Cir. 1/30/01), 778 So.2d 1169, 1174. See also Ventola v. Hall, 03-0703 (La.App. 5 Cir. 11/12/03), 861 So.2d 677.
The trial court in this case, in granting summary judgment, said that
... the Court cannot find that the actions of Mr. Lewis were reasonably incidental to the performance of the employee’s duties. Jones Brothers could not envision violence as being reasonably incidental to the performance of Mr. Lewis duties (sic) while in their employ. Jones Brothers, as the employer, did not derive a benefit from Mr. Lewis’ actions.
We agree with the trial court, and we too find that there is no vicarious liability on the part of Jones Bros, for the actions of Mr. Lewis. In brief, plaintiff argues that Lewis’ actions were related to his employment duties, stating that “the dispute arose from the shortcut Lewis took and Appellant’s refusal to give a ticket for proper delivery. The shortcut benefited the Appellee because the more loads brought to the site (in the shortest amount of time) — increases profits.” This argument addresses Lewis’ actions in taking the shortcut, not in punching plaintiff. As did the trial court, we too conclude that Lewis’ act of punching plaintiff was not reasonably incidental to the performance of the employee’s duties. Accordingly, we find that the trial court did not err in granting summary judgment, dismissing plaintiffs suit against it.
Plaintiff does not challenge on appeal the trial court’s finding that he presented no evidence to show negligence on the part of Jones Bros, with regard to |fithe claim for negligent hiring, supervision and fail *1107 ure to terminate. Thus, we need not consider this issue.
For the above discussed reasons, the decision of the trial court granting the motion for summary judgment filed by defendant Jones Bros. Enterprises, Inc. is affirmed. Costs are assessed against plaintiff/appellant.

AFFIRMED.

. Although Lewis was named as a defendant, he was not served and did not participate in the litigation.