MARC E. JOHNSON, Judge.
 

 12Plaintiffs/appellants, Jayne Phillpott (“Mrs. Phillpott”) wife of/and Wayne Phill-pott (“Mr. Phillpott”), Wayne Phillpott, Jr., William Phillpott and Wesley Phillpott, appeal the summary judgment in favor defendants/appellees, Clarendon America Insurance Company, Lamar Contractors, Inc., the Shaw Group, Inc., Shaw Environmental, Inc., Durr Heavy Construction, L.L.C., H & H Imports, L.L.C., and Forest River, Inc. For the following reasons, we reverse and remand to the trial court for further proceedings.
 

 FACTS
 

 According to the pleadings, this case arises from a fall out of a Federal Emergency Management Agency (“FEMA”) trailer by Mrs. Phillpott on January 5, 2006. Mr. and Mrs. Phillpott were delivered the FEMA trailer on November 21, 2005 by Lamar Contractors, Inc. Delivery of the FEMA trailer by Lamar was Isthrough a subcontract with Durr Heavy Construction, who was a subcontractor of the Shaw Group, Inc./Shaw Environmental.
 

 The FEMA trailer was equipped with two metal steps and a handle attached to the outside of the trailer next to the door. There was no railing on the steps. The two metal steps were not uniform in distance between each other. Although Mr. and Mrs. Phillpott reported the defects of the steps several times, they did not report any accidents occurring on the steps before January 5, 2006.
 

 On the date of the incident, at about 1:15pm, Mrs. Phillpott fell face forward towards the right of the stairs as she was exiting the FEMA trailer. Mrs. Phillpott never made contact "with either of the metal steps. As a result of the fall, Mrs. Phillpott sustained multiple injuries to her lower back and hands.
 

 The plaintiffs filed a Petition against the defendants alleging that they were either the owner, lessor, manager or had care, custody and control of Mr. and Mrs. Phillpott’s FEMA trailer. The plaintiffs alleged that the defendants were liable either by negligence, strict liability or product liability. The defendants filed a Motion for Summary Judgment based upon all of the theories of liability presented by the plaintiffs. The plaintiffs filed a Memorandum in Opposition to the Motion for Summary Judgment and a Motion to Compel the defendants to answer the plaintiffs’ interrogatories.
 

 The trial court granted the Motion for Summary Judgment in favor of the defendants and reasoned that Mrs. Phillpott testified in her deposition that her misstep caused the accident, not any defect in the steps.. Additionally, the trial court granted the Motion to Compel filed by the plaintiffs. However, the Motion to Compel was found to be moot because of the granting of the Motion for Summary Judgment.
 

 | ¿ASSIGNMENTS OF ERROR
 

 The plaintiffs appeal and assign the following as errors:
 

 1. The trial court erred, as a matter of law, by granting the defendants’ Motion for Summary Judgment as there are genuine issues of material fact that preclude summary judgment.
 

 2. The trial court erred, as a matter of law, by denying the plaintiffs’ Motion to Compel as there is outstand
 
 *1104
 
 ing discovery that is essential to the plaintiffs’ case.
 

 LAW AND ANALYSIS
 

 Summary Judgment
 

 It is well settled that appellate courts review summary judgments
 
 de novo. State ex rel. Dept of Transp. and Development v. Central Gulf Towing, L.L.C.,
 
 07-166, (La.App. 5 Cir. 10/30/07), 971 So.2d 1163, 1166,
 
 writ denied
 
 2007-2304, 973 So.2d 761 (La:1/25/08). Appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Hood v. Cotter,
 
 2008-0215 (La.12/2/08), 5 So.2d 819, 824 citing
 
 Smith v. Our Lady of the Lake Hosp.,
 
 93-2515 (La.7/5/94), 639 So.2d 730, 750. Summary judgment is appropriate when it has been shown by the mover that “there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966.
 

 A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Hines v. Garrett,
 
 2004-0806 (La.6/25/04), 876 So.2d 764, 765, citing
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could | r,reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id.
 

 In the case at bar, the plaintiffs aver that a genuine issue of material fact exists that precluded the granting of the summary judgment because the record is clear that there was a problem with the steps on the plaintiffs’ trailer. The plaintiffs further aver that the uneven and wobbly steps caused Mrs. Phillpott’s improper step and subsequent fall. On the other hand, the defendants assert that the summary judgment was properly granted because they did not have care, custody, control or garde over the trailer after it had been delivered to the plaintiffs; the condition of the steps complained of by the plaintiffs was open and obvious; and, Mrs. Phillpott’s testimony establishes that the accident occurred due to her misjudgment of where she thought the step was located.
 

 A Motion for Summary Judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts.
 
 Steve Douglass, et al. v. Alton Ochsner Medical Foundation, et al.,
 
 97-25 (La.App. 5 Cir. 5/28/97), 696 So.2d 136, 138 citing
 
 Watson v. Cook,
 
 427 So.2d 1312 (La.App. 2 Cir.1983). Although Mrs. Phillpott testified in her deposition that she misstep and the condition was open and obvious, the fact that the defendants may have a portion of liability in the accident is not negated. This is a merit of the case that should be considered by the fact finder at trial.
 

 In order to obtain a summary judgment, it is not sufficient to prove that it is unlikely that the plaintiff may recover, or that the showing then made preponderantly indicates there is no liability.
 
 Mecom, v. Mobil Oil Corp.,
 
 299 So.2d 380, 385 (La.App. 3 Cir.1974),
 
 rehearing denied
 
 302 So.2d 308 (La.1974). After reviewing the Reasons for Judgment, it appears that the trial court rendered a judgment based upon the likelihood that the showing preponderantly indicates | fithere is no liability, which should not occur in this phase of the case. Again, the merit of this issue should be considered by the fact finder at trial.
 

 As a result, this Court finds that the trial court improperly granted the Motion
 
 *1105
 
 for Summary Judgment in favor of the defendants. Therefore, summary judgment by the trial court is vacated.
 

 Motion to Compel
 

 The plaintiffs assert that the trial court erred in denying their Motion to Compel discovery that the defendants failed to produce. However, in its Reasons for Judgment, the trial court did not deny the Motion to Compel. To the contrary, the Motion to Compel was granted. The defendants were given 30 days to amend their answers to the plaintiffs’ interrogatories. Nevertheless, the motion was considered moot by the trial court because of the decision to grant the summary judgment. The discovery requested may determine whether or not the defendants had care, custody, control or garde over the trailer. Given that this Court is vacating the summary judgment order, the Motion to Compel is no longer a moot issue. Therefore, the trial court can enforce the Motion to Compel the defendants to amend their answers to the plaintiffs’ interrogatories.
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the trial court’s decision to grant the Motion for Summary Judgment in favor of the defendants and remand the case to the trial court for further proceedings. Additionally, the Motion to Compel can be enforced by the trial court.
 

 REVERSED AND REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.