CLARENCE E. McMANUS, Judge.
 

 IgThis is an appeal by Risk Management Services, LLC from the trial court’s granting of summary judgment awarding plaintiff unpaid wages, unused vacation time, attorneys’ fees and penalties. For the reasons which follow, we affirm.
 

 STATEMENT OF THE CASE
 

 Elizabeth Arregui was employed by Risk Management Services, LLC from July 30, 2003 until July 2008. On July 14, 2008, Arregui notified Risk Management that she would resign effective July 25, 2008. On July 24, 2008, Arregui called her supervisor, Nick Vacarro, to advise that she was sick and was going to use sick time for July 24, 2008 and July 25, 2008, and she had a doctor’s appointment on July 25, 2008. On July 26, 2008, Arregui sent correspondence via email to Vacarro requesting payment for the two days sick time she had used on July 24 and 25, 2008. Risk Management issued a check to Arre-gui on August 8, 2008, which represented payment for her last week of work with Risk Management, but only included payment for three days of work and did not include payment for July 24 and 25, 2008.
 

 Counsel for Arregui sent a demand letter to Risk Management dated July 8, 2009 demanding payment of Arregui’s accrued vacation time and the sick time used prior to her resignation. Risk Management did not pay the requested amount, | ^therefore, on July 24, 2009, Arregui filed a petition for summary relief and an amended petition for summary relief against Risk Management seeking payment for her vested vacation and sick time, including the two sick days taken on July
 
 *138
 
 24 and 25, 2008, penalties, interest, attorney’s fees, and costs. On October 1, 2009, both Arregui and Risk Management filed motions for summary judgment. The cross motions for summary judgment were heard on November 24, 2009. On December 2, 2009, the trial court issued an Order granting Arregui’s motion for summary judgment and denying Risk Management’s motion. The trial court awarded Arregui two day’s wages in the amount of $244.62, 10.743 hours of vacation time in the amount of $175.19, 90 days penalty wages in the amount of $11,077.90, attorney’s fees in the amount of $2,000.00, and costs of $544.36. Risk Management now appeals this judgment.
 

 For the following reasons, we affirm the trial court’s judgment.
 

 DISCUSSION
 

 On appeal, Risk Management first argues that Arregui’s exhibits were attached to the memorandum in support of the motion for summary judgment and not to the actual motion, therefore, the exhibits were not introduced into the record at the hearing and should not be relied on. Next, Risk Management argues Arregui forfeited her accrued vacation pay and is not entitled to accrued sick pay because she failed to comply with the employment policy of Risk Management. Finally, Risk Management argues the trial court erred in awarding attorney’s fees and penalty wages because it acted in good faith.
 

 This is an appeal from the granting of a summary judgment in favor of Arregui. It is well settled that appellate courts review summary judgments de novo.
 
 Phillpott v. Clarendon America Insurance Company,
 
 09-144, (La.App. 5 Cir. 9/29/09), 22 So.3d 1102, citing
 
 State ex rel. Dept. of Transp. and Development
 
 v.
 
 Central Gulf Towing, L.L.C.,
 
 07-166, (La.App. 5 Cir. 10/30/07), 971 So.2d 1163, 1166,
 
 writ denied,
 
 2007-2304, 973 So.2d 761 (La.1/25/08). Appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Phillpott, supra,
 
 citing,
 
 Hood v. Cotter,
 
 2008-0215 (La.12/2/08), 5 So.3d 819, 824. Summary judgment is appropriate when it has been shown by the mover that “there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966.
 

 We find the trial court correctly granted summary judgment in favor of Arregui and correctly awarded her wages, unused vacation time, penalty wages, and attorney’s fees. First, we find no merit to Risk Management’s argument that the trial court incorrectly considered the exhibits attached to Arregui’s memorandum in support of her motion for summary judgment. At the hearing, the trial court noted the exhibits were already introduced into evidence.
 

 In
 
 Aydell v. Sterns,
 
 1998-3135 (La.2/26/99) 731 So.2d 189, the Louisiana Supreme Court granted writ in a matter finding that the Court of Appeal erroneously held that the trial court could not rely on the evidence submitted by the defendant in support of its motion simply because the evidence was attached to the memorandum in support of the motion and not the motion itself. The Supreme Court noted that such a requirement undermines the use of summary judgment procedures to “secure the just, speedy, and inexpensive determination of every action” as provided in La. C.C.P. art. 966(A)(2).
 
 Aydell, supra.
 
 Therefore, we find the trial court correctly considered the exhibits attached to Arregui’s memorandum in support of
 
 *139
 
 her motion for summary judgment which were made part of the record.
 

 lfiNext, we agree with the trial court and find Arregui is entitled to 10.743 hours of vacation time in the amount of $175.19 and two day’s wages in the amount of $244.62. Risk Management contends Arregui is not entitled to this vacation pay because she failed to comply with the employment policy set forth in the employee manual given to Arregui when she began working for Risk Management. Risk Management refers to the section of the employee manual regarding voluntary resignation, which provides:
 

 An employee who voluntarily terminates employment must submit the resignation in writing. For the employee to be eligible to receive unused earned vacation pay, he/she must complete the notice period in its entirety. All employees are asked to furnish at least two weeks worked notice (worked notice is exclusive of time off).
 

 Risk Management contends Ar-regui did not complete the two week notice period because she did not work the last two days, July 24 and 25, 2008, therefore, her employment officially terminated July 23, 2008. Risk Management further argues Arregui is not entitled to wages for July 24 and 25, 2008 because they could not be used as sick days and Arregui was not really sick. We agree with the trial court and find that Arregui was entitled to use sick time for the last two days of her employment and she is, therefore, entitled to wages for those two days. Arregui called her supervisor, Vacarro, to advise him she was sick and had a doctor’s appointment on July 25, 2008. Thus, we agree with the trial court’s award of two days of sick time. We further find Arre-gui did complete her notice period set forth in the employee manual and is entitled to payment of unused vacation time in accordance with Arregui’s terms of employment.
 

 La. R.S. 23:631 governs the payment of wages due to an employee upon resignation and provides, in part:
 

 [[Image here]]
 

 lfi(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.
 

 (2) Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
 

 According to La. R.S. 23:631, Risk Management was required to pay Arregui her earned wages, including wages for July 24 and 25, 2008 and her unused vacation time, upon her resignation. Risk Management did not pay the amounts due to Arregui, even after demand. Therefore, we agree with the trial court and find Arregui is also entitled to penalties pursuant to La. R.S. 23:632, which states:
 

 
 *140
 
 Any employer who fails or refuses to comply with the provisions of R.S. 23:681 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
 

 Risk Management refused to pay Arre-gui the wages due to her for her last two days of work and her unused vacation time. Pursuant to La. R.S. 23:632, Arre-gui is entitled to ninety days of penalty wages at her daily rate of pay. At the time of her resignation, her hourly rate of pay was $16.3077, which would |7calculate to a daily rate of pay of $122.31, based on Risk Management’s 7.5 hour work day. Therefore, Arregui is entitled to ninety days of wages at $122.31 per day, for total penalty wages of $11,077.90, as correctly awarded by the trial court.
 

 Thus, we find the trial court correctly granted summary judgment in favor of Arregui and correctly found she is entitled to 10.743 hours of unused vacation time worth $175.19 and wages for July 24 and 25, 2008 for sick time used. Additionally, we agree with the trial court and find Arregui is entitled to 90 days of penalty wages in the amount of $11,077.90, plus attorney’s fees of $2,000.00.
 

 Accordingly, we affirm the judgment of the trial court granting summary judgment in favor of Arregui.
 

 AFFIRMED